JOHN H. SCHEIER, Appellant, v. JOHN MITCHELL and Others, as Members of the State Industrial Commission, Respondents.

First Department, May 29, 1919.

Labor Law — petition to review and action to test validity of orders of State Industrial Commission — effect as stay of criminal prosecution — factory defined — agent of owner or lessee as petitioner to review order of State Industrial Commission — action to test order of State Industrial Commission — real party in interest — right of agent of owner or lessee to prosecute in his own name — dismissal of complaint — determination of merits.

The filing of a verified petition with the State Industrial Commission asking for a review of an order, made by the State Department of Labor as then constituted, requiring the owners of a factory building to comply with the provisions of the Labor Law (Laws of 1909, chap. 36, as amd.), automatically stays the prosecution of a criminal action then pending, founded on the violation of such order.

The commencement of an action under section 52b of the Labor Law, as added by chapter 674 of the Laws of 1915, to determine the validity of a rule or regulation made by the State Industrial Commission, automati-

cally stays the prosecution of a criminal action based on the violation of such rule, order or regulation.

A building which is occupied on the ground floor by stores and on the other floors by offices, mercantile establishments and factories, in which 96 out of 390 people are engaged in factory work, is a factory within the meaning of the Labor Law.

A petition to the State Industrial Commission under section 52a of the Labor Law to have certain rules or regulations changed must be made in the name of the owner or lessee of the building, and an agent of the owner, while authorized to proceed for the owner, cannot serve as petitioner.

Under section 52b of the Labor Law, as added by chapter 674 of the Laws of 1915, authorizing any person in interest to bring an action as an appeal from the determination of the Industrial Commission to review orders or regulations, the action must be instituted in the name of the owner or lessee of the building and cannot be prosecuted by an agent in his own name, as he is not the real party in interest, either under the Labor Law or under section 449 of the Code of Civil Procedure.

Where an action is commenced by an agent in his own name, under section 52b of the Labor Law, as added by chapter 674 of the Laws of 1915, the complaint is properly dismissed on the ground that the plaintiff is not the real party in interest.

Although both the plaintiff and the State Industrial Commission seek to test the merits of the orders made by the Commission and the constitutionality of the statute, in an action instituted under section 52b of the Labor Law, the court will not pass upon the questions involved where the action was not instituted by the real party in interest.

APPEAL by the plaintiff, John H. Scheier, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 12th day of December, 1917, dismissing the amended complaint upon the decision of the court after a trial at the New York Special Term.

An appeal is also taken, as stated in the notice of appeal, from the court's decision.

*Walter H. Bond* of counsel [*Bond & Babson,* attorneys], for the appellant.

*Frederick H. Cunningham* of counsel [*Robert W. Bonynge,* attorney], for the respondents.

MERRELL, J.:

I think the judgment herein is right and should be affirmed.

The action is brought to rescind, cancel, vacate and set aside an order of the Labor Department of the State of New York, division of factory inspection, made on April 29,

1915, directing the Apex Leasing Company, Inc., a domestic corporation, to comply with the requirements of chapter 36 of the Laws of 1909, as amended, with reference to the building located at No. 47 West Forty-second street in the borough of Manhattan. The building is known as the Bryant Park Building or, more familiarly, by the name of the Fleischman Bath Building, and is held by the Apex Leasing Company, Inc., under a lease from the owner of the fee therein. Under the statute an action is authorized to be brought by a party in interest to test the validity of such an order made by the Labor Department of the State, said action being in the nature of an appeal from such order. Plaintiff's complaint herein was dismissed by the trial court upon the ground that the plaintiff was not the real party in interest within the meaning of the Code of Civil Procedure, and that there was no authority in law to bring this action. The facts were stipulated by the parties and are briefly as follows:

The plaintiff is a practicing architect of the city of New York and is the agent of the Apex Leasing Company, Inc., the lessee of the premises in question. The plaintiff represented said Apex Leasing Company, Inc., in all hearings held upon a petition filed with the State Industrial Commission under section 52-a of the Labor Law asking for the revocation of the said order made by the State Department of Labor requiring the lessee of said Bryant Park Building to conform to the requirements of the statute with reference to safeguarding the inmates of said building. Said building clearly was a factory under the provisions of the statute. The defendants in this action at the time of its commencement constituted the State Industrial Commission. The said Commission was preceded by the State Department of Labor, the head of which was the Commissioner of Labor, who at that time was one James M. Lynch. The State Department of Labor by legislation became the State Industrial Commission and the former Commissioner of Labor, upon the formation of the State Industrial Commission, was duly appointed one of the members of said Commission. The State Industrial Commission was created by chapter 674 of the Laws of 1915,* which act con-

---

* Amdg. Labor Law (Consol. Laws, chap. 31; Laws of 1909, chap. 36), § 40 *et seq.*, as amd.— [REP.

solidated the State Department of Labor and the Workmen's Compensation Commission, composed of a commission of five. Upon its creation the State Industrial Commission succeeded to all the powers and responsibilities theretofore vested in the State Department of Labor and the Workmen's Compensation Commission, and took upon itself the enforcement of all outstanding matters theretofore vested in the above Department of Labor and Workmen's Compensation Commission. The order in question was made by the duly constituted authorities, being the Department of Labor of the State of New York as then constituted, on April 29, 1915. The order was made pursuant to an inspection of a duly authorized inspector of the Department of Labor, and provided as follows:

" DEPARTMENT OF LABOR, STATE OF NEW YORK.
" DIVISION OF FACTORY INSPECTION.
" MGM–S–S–CGB–3–31–15.
" 381 Fourth Avenue, New York.
" *Apr.* 29–15.

" APEX LEASING Co., INC.,
" 17 West 42nd St.,
" N. Y. City:

" You are hereby directed to comply with the following requirements of Chap. 36, Laws of 1909, as amended, in the building located at No. 47 West 42nd St., in the city and county of New York, now used for manufacturing purposes, and of which you are the lessee.

" 1. Provide a required means of exit so located that no point of floor will be more than 100 feet from such exit.

" 2. Fireproof all openings on course of exterior screened stairway.

" 3. Continue exit stairs to roof.

" 4. Enclose all interior stairways serving as a required means of exit, and the landings, platforms and passageways connecting therewith, on all sides with partitions of fire resisting material, extending continuously from the basement to three feet above the roof. All openings in said partitions to be provided with self-closing doors constructed of fire resisting material.

" (The above requirements must be complied with within twenty days from the date written above.)

" 5. Protect counterweights of elevators at bottom of run. (10 days.)

" 6. Arrange workroom doors to hall to open out or be double swing, Factory of Wm. Forman, 4th floor, Karhn & Conhagen, 3rd floor, Brecher & Littmann, Renard & B. M. Levoy, 2nd floor.    (10 days.)

" (Signed)            JAMES M. LYNCH, *Commissioner.*

    " J. J. FLOOD,

        " *Chief Factory Inspector, First District.*"

The lessee of the building, the Apex Leasing Company, Inc., failed to comply with the provisions of said order, and a criminal prosecution of said leasing company was instituted in the Seventh District Magistrate's Court of the city of New York. Thereafter and within five days after the institution of the said criminal prosecution, a duly verified petition was filed with the State Industrial Commission by the said agent of the Apex Leasing Company, Inc., asking for a review of the said order. The filing of this petition, under the statute, automatically stayed the prosecution of the criminal action pending against said lessee. (See Labor Law [Consol. Laws, chap. 31; Laws of 1909, chap. 36], § 52c, as added by Laws of 1915, chap. 674.) Said petition was entitled: " In the Matter of the Petition of John H. Scheier, for Review by the State Industrial Commission, of Certain Orders Issued by the State Department of Labor," and was addressed to the Honorable Board of State Industrial Commissioners. The petition was signed and verified and filed by said Scheier, who is the plaintiff herein, on December 30, 1915. After hearings thereon before the State Industrial Commission, and the application of the petitioner having been argued and finally submitted on April 5, 1916, an order was made by the said commissioners on April 10, 1916, substantially denying the prayer of the petitioner for a revocation of said order of April 29, 1915. Thereafter and on or about May 1, 1916, the plaintiff commenced this action to review and test the validity and reasonableness of the provisions of law under which said order was made and the validity and reasonableness of the

rules and regulations made in pursuance thereof and of the order directing compliance therewith. The commencement of this action stayed the original prosecution theretofore instituted against the Apex Leasing Company, Inc., and said criminal prosecution is still pending, undetermined.

The premises in question consist of a seven-story building erected prior to October 1, 1913, and located on the northeast corner of Sixth avenue and Forty-second street in the borough of Manhattan, city and county of New York. Owing to the fact that the Fleischman Baths occupy the sixth and seventh floors of the building, the building has been popularly known as the Fleischman Bath Building. Roughly speaking, the building extends 201 feet easterly along Forty-second street from Sixth avenue and about 96 feet northerly along Sixth avenue from Forty-second street. The first floor of the building is occupied exclusively by retail shops, consisting of millinery stores, stores for the retail of dresses, refrigerators, optical goods, jewelry, candy, gentlemen's furnishings, and drugs. The second, third, fourth and fifth floors are occupied for various purposes, including offices, mercantile establishments and factories. The total occupancy of the building above the ground floor at the time of the first inspection was 390 persons, of which 96 were engaged in factory work. At an inspection made subsequently to the order of April 29, 1915, and just preceding the institution of the criminal prosecution of the lessee in the Magistrate's Court, it was found that the building, above the ground floor, at that time was regularly occupied by 325 persons. Under the stipulation there can be no doubt that the building was within the statute a factory building. On the second floor there were four factories; on the third floor, one; on the fourth floor, five; making in all, ten factories in the building. These factories were engaged in the manufacture of millinery, dresses, waists and optical goods, on the second floor; on the third floor, dresses; and, on the fourth floor, clothing, gowns and dental supplies. The work in these factories was done in part by hand and in part by machinery. The building did not comply with what the Department regarded as necessary under the provisions of the statute, and, therefore, the original order of April 29, 1915, was made. Said order was not com-

plied with, as before stated, and the physical conditions remain at the present time as they were on April 29, 1915.

The statute, so far as pertinent to the ground upon which the complaint herein was dismissed, is as follows:

Section 52a was added to the Labor Law by chapter 719 of the Laws of 1915 and it was thereby enacted, among other things, as follows: "If there shall be practical difficulties or unnecessary hardship in carrying out any provision of this chapter, or rule or regulation adopted by the Industrial Board thereunder, affecting the construction or alteration of buildings, exits therefrom, the installation of fixtures and apparatus, or the safeguarding of machinery and prevention of accidents, the Industrial Board shall have power to make a variation from such requirements if the spirit of the provision or rule or regulation shall be observed and public safety secured. Any person affected by such provision or rule or regulation, or his agent, may petition the Board for such variation stating the grounds therefor. The Board shall fix a day within a reasonable time for a hearing on such petition and give notice thereof to the petitioner who may appear in person or by agent or attorney." Section 52d was added to the Labor Law by chapter 674 of the Laws of 1915 and it was thereby enacted, among other things, as follows: "If in the opinion of the Commission there shall be practical difficulties in carrying out the strict letter of a provision of this chapter or of a rule or regulation adopted by the Commission affecting the construction or alteration of buildings and structural changes therein, the installation of fixtures and apparatus safeguarding the machinery and prevention of accidents, a variation from or modification of its requirements so that the spirit of the provision or rule or regulation shall be observed, public safety secured and substantial justice done, may be permitted by the Commission as provided by this section. The person affected by such provision or rule or regulation or his agent may petition the Commission for one or more such variations or modifications stating the grounds therefor. The Commission shall fix a day within a reasonable time for a hearing on the petition and upon the hearing the petitioner may appear in person or by agent or attorney. The decision of the Commission shall be rendered promptly and shall be final."

It will be borne in mind that the order of April 29, 1915, required compliance on the part of the Apex Leasing Company, Inc., with the statute in the particulars mentioned in the order. Thereupon, by virtue of the statute above quoted, the plaintiff, being the architect of the lessee of the building, made and verified a petition asking a modification of the order of April 29, 1915. The statute above quoted is to the effect that "Any person affected by such provision or rule or regulation, *or his agent,* may petition the Board for such variation stating the grounds therefor. The Board shall fix a day within a reasonable time for a hearing on such petition and give notice thereof to the petitioner who may appear in person *or by agent* or attorney." It also provides that "The person affected by such provision or rule or regulation *or his agent* may petition the Commission for one or more such variations or modifications stating the grounds therefor. The Commission shall fix a day within a reasonable time for a hearing on the petition and upon the hearing the petitioner may appear in person *or by agent* or attorney."

The plaintiff assumed, by virtue of such statutory provision, to himself not only verify the petition but serve as petitioner, and the proceeding was instituted in the name of the agent instead of in the name of the lessee who was the real party in interest. The Industrial Commission appears to have recognized the petition, and its subsequent order of April 10, 1916, was made, in most respects confirming the original order of April 29, 1915. The statute, by section 52b of the Labor Law, as added by chapter 674 of the Laws of 1915, provides as follows: "Any person in interest may bring an action in the Supreme Court against the Commission as defendant, to determine the validity and reasonableness of any provision of this chapter or of the rules and regulations made in pursuance thereof or of any order directing compliance therewith, provided that no such action to determine the validity or reasonableness of any rule, regulation or order shall be brought, except as an appeal from the determination of the Commission, as provided in section fifty-two-a."

By virtue of said statute the plaintiff brings this action as an appeal from said determination of the Commission. Upon the trial the learned trial court dismissed the complaint

upon the ground that the plaintiff was not the real party in interest within the provisions of section 449 of the Code of Civil Procedure. That section of the Code provides:

" § 449. Party in interest to sue. Trustee, etc., may sue alone.

" Every action must be prosecuted in the name of the real party in interest, except that an executor or administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue, without joining with him the person for whose benefit the action is prosecuted. A person, with whom or in whose name, a contract is made for the benefit of another, is a trustee of an express trust, within the meaning of this section."

I think the court's decision in this respect was entirely correct.

Moreover, it seems to me that the statute (Labor Law, § 52-b, as added by Laws of 1915, chap. 674) confers no authority upon the plaintiff to bring this action. Said statute provides that " any person in interest " may bring an action to determine the validity and reasonableness of any provision of the law or of any rule or regulation or order made in pursuance thereof. The plaintiff is the architect of the real party in interest, the Apex Leasing Company, Inc., and is no more than a mere agent. He is not interested personally in the event of the action or in the matters concerning which it is brought. The only interest which he has is that of a faithful employee serving his master. I do not think the statute contemplated, even in the institution of the first review of the original order, that the petition should be in the name of the agent. The most that the statute provides, as I construe it, is that the agent is permitted to institute the proceedings and may verify the petition in behalf of his principal. Such provision of the statute is entirely reasonable and affords protection to an aggrieved party through its agent in case of absence or inability of the party itself to take the initiative. But it seems to me that the statute intended that the proceeding should be at all times in the name of the principal and not in the name of the agent. Therefore, the agent was authorized in the first instance, in behalf of his principal and in his principal's name, to petition the Commission for a modification of its original order. I do not think the petition made in the instant case complied with the statute,

and the Industrial Commission might well have disregarded the same. The action now sought to be taken as an appeal reviewing the action of the Commission must certainly be in the name of the real party in interest, which in this case is the corporation holding the premises under lease. Therefore, I think there is no force in the argument of counsel for the appellant that inasmuch as the original proceeding was in the name of the plaintiff, such fact justifies the commencement of the present action which is only authorized in behalf of one of the parties to the proceeding before the Commission. By subdivision 5 of section 52-a of the Labor Law, as added by chapter 674 of the Laws of 1915, the decision of the Commission is final, unless within thirty days after its issuance " one of the parties to the proceeding before the Commission appeals from its decision by bringing an action as provided in section fifty-two-b." If the lessee of the property, the real party in interest, finds itself in the situation of being unable to test by appeal under the statute the action of the Commission, such embarrassment results from its failure or that of its agent in due time to take a proper preliminary proceeding in the name of the real party in interest.

Both parties, in their briefs, apparently seek to test the merits involved by the orders sought to be rescinded and to obtain a decision from this court concerning the constitutionality and validity of the statute and the validity and reasonableness of the particular order involved herein. I do not think that we should pass upon the constitutionality of the statute involved (even were that necessary, in view of the determination in *Cockcroft* v. *Mitchell*, 101 Misc. Rep. 211, recently affirmed in this court upon the opinion at Special Term, 187 App. Div. 189), nor can we inquire into the reasonableness of the order which has been made affecting the property in question, as the plaintiff is not, within the statute, a " person in interest " authorized to test said questions.

The judgment dismissing plaintiff's complaint should be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, SMITH and PHILBIN, JJ., concurred.

Judgment affirmed, with costs.