SIMON GREENBERG, Plaintiff, *v.* BESSIE SCHIFFMAN, Defendant.

Supreme Court, Kings Special Term, August, 1922.

**Vendor and purchaser — marketable title to real estate — failure of deed to recite that sole grantor was unmarried does not invalidate title in absence of proof of his marriage.**

Where in an action to recover the deposit made upon the execution of a land contract the plaintiff's sole ground for rejecting the title tendered by defendant was that in the chain of title a deed given by a sole grantor did not recite that he was unmarried, such omission in the absence of proof as to whether the grantor when he gave the deed was married or not, does not affect the marketability of the title.

The statute prescribing forms of deeds (Real Property Law, § 258) requires no such recital and the defendant is entitled to judgment dismissing the complaint and directing specific performance on her counterclaim, with costs.

ACTION to recover deposit made upon execution of contract for sale of real estate.

*Jochanon I. Rudavsky,* for plaintiff.

*Edward Gettinger,* for defendant.

BENEDICT, J. This is an action by vendee against vendor to recover a deposit made upon the execution of a contract for the purchase and sale of real property and the plaintiff's expenses in connection with the proposed purchase. Plaintiff's sole ground for rejecting the title tendered by defendant was that there appeared in the chain of title a deed made May 28, 1917, by one Valdemiro Del Nunzio as sole grantor to one Lucia Martorella, which did not recite that the grantor was unmarried. The case was submitted to me on an agreed statement of facts, which contains no statement as to whether said grantor was in fact married or not when he gave said deed. The only question to be determined is whether the absence of such recital of itself renders the title unmarketable without proof that the grantor was married and if so that his then wife still survives.

All that the law requires to vest a complete and perfect title

in a grantee of real property is a deed from the owner or owners. It is the fact of ownership which gives the right to convey the property, and if the grantor, being a man, be in fact unmarried, it is obvious that the title conveyed is complete and perfect, so far as any incumbrance by way of dower is concerned, irrespective of whether or not the deed contain a recital that the grantor is unmarried. On the other hand such a recital would not give an ounce of validity to a title, as against a claim for dower inchoate or consummate, if it should develop that the grantor was in fact married and his wife still survived.

No briefs have been submitted, and I have not been able to find a case in point. Such authorities as I have found tend to support the conclusion that the vendee, if he would escape performance, must show that there is some person in existence who might claim a dower interest in the property as the wife of such grantor, or at least that there is reason to believe that there is some such person. *Port Jefferson Realty Co.* v. *Woodhull,* 188 App. Div. 188; *Forsyth* v. *Leslie,* 74 id. 517, 524; *Loria, Inc.,* v. *Stanton Co.,* 201 id. 228. In the absence of some proof of this kind, I think the mere omission of a recital that a male grantor in a deed was unmarried, does not affect the marketability of the title. Section 258 of the Real Property Law, prescribing forms of deeds, does not require any such recital.

Judgment for defendant dismissing the complaint and directing specific performance on the counterclaim. As the action was brought at law the defendant is entitled to costs.

Settle decision and judgment on notice.

Judgment accordingly.